# Wytheville

FRANCES O. WARD, ET ALS. v. MARCELLE W. OTTLEY, ET ALS.

June 11, 1936.

Present, Holt, Hudgins, Gregory, Chinn and Eggleston, JJ.

The opinion states the case.

*W. M. Phipps* and *J. Randolph Davis,* for the appellants.

*M. Earl Woodhouse,* for the appellees.

EGGLESTON, J., delivered the opinion of the court.

The purpose of this suit is to construe the will of J. J. Ottley. The controversy turns on the interpretation of the fifth and seventh items which are as follows:

"5th—I give and devise equally unto my nephews and nieces, Mary C. Jones, William H. Ottley, Waights G. Ottley, Clifton M. Ottley, Marcelle W. Ottley, Lena O. Parker, Mary K. Johnson, Fannie Will Simpson and to the children of Lola V. Ward, all of the lots of land, situated in Berkley, in the City of Norfolk, in the State of Virginia, on the plat of the Ottley Place, which plat is duly recorded."

"7th—I give, devise and bequeath the remainder of my estate, consisting of real and personal estate, equally unto

my nephews and nieces, Mary C. Jones, William H. Ottley, *Weights* G. Ottley, Clifton M. Ottley, Marcelle W. Ottley, Lena O. Parker, Mary K. Johnson, Fannie Will Simpson and to the children of Lola V. Ward."

In addition to the nine nephews and nieces mentioned by name in these items of the will, the testator left numerous great-nephews and great-nieces, among whom were the three children of Lola V. Ward to-wit: Frances O. Ward, Curtis Ives Ward and James F. Ward, Jr.

The lower court decreed that the property passing under these items of the will should be divided into nine equal parts, that each of the nephews and nieces (other than Lola V. Ward) was entitled to a one-ninth part, and that the other one-ninth share should be divided between the three children of Lola V. Ward.

The Ward children, the appellants here, claim that the division should be *per capita* among all of the beneficiaries referred to in these items of the will, with a one-eleventh part to each.

■ They rely on the well-settled principle that, "Where a bequest is made to several persons, in general terms indicating that they are to take equally as tenants in common, each individual will of course take the same share; in other words, the legatees will take *per capita*." *Hoxton* v. *Griffith,* 18 Gratt. (59 Va.) 574, 577, 578; *Walker* v. *Webster,* 95 Va. 377, 381, 28 S. E. 570; *Driskill* v. *Carwile,* 145 Va. 116, 123, 133 S. E. 773; *Murchison* v. *Wallace,* 156 Va. 728, 739, 159 S. E. 106.

But, as Mr. Justice Holt pointed out in *Murchison* v. *Wallace,* 156 Va. 728, 740, 159 S. E. 106, 110, while the presumption of a *per capita* distribution in such cases is well established in this State, "it is not a strong presumption and is easily overborne." See also, *Hoxton* v. *Griffith,* 18 Gratt. (59 Va.) 574, 578.

Such presumption may disappear upon a consideration of other provisions of the will itself. Or, if the meaning be doubtful, upon a reading of the instrument in the light

of the circumstances surrounding the testator at the time the will was executed.

As Judge Kelly said in *Penick's Ex'r* v. *Walker,* 125 Va. 274, 278, 99 S. E. 559, 560. "The primary consideration and rule of construction is to determine the intention of the testator from the language which he has used. If the meaning of his language is plain, the will must be given effect accordingly. This rule is familiar and elementary, and to it all others are subordinate and subservient. If there be doubt as to the meaning, then the auxiliary or subordinate rule to be first applied, and the one of most usefulness and importance, is for the court to place itself as nearly as possible in the situation of the testator at the time of the execution of the will." See also, *Domestic & Foreign Missionary Society* v. *Crippled Children's Hospital,* 163 Va. 114, 125, 176 S. E. 193.

We should remember, too, that "it often happens that the same identical words require very different constructions in different cases, according to the context and the peculiar circumstances of each case." *Rhett* v. *Mason's Ex'r,* 18 Gratt. (59 Va.) 541, 560; *Whitehurst* v. *White,* 160 Va. 859, 866, 169 S. E. 724.

Here we think that there is to be derived from both a reading of the whole will and the circumstances surrounding the testator at the time of its execution, an intent that the children of Lola V. Ward should take, *per stirpes,* their mother's share and not *per capita* with their uncles and aunts.

Under other provisions of the will the testator gave to each of the four eldest daughters of each of his nieces and nephews a legacy of $400. Frances O. Ward, one of the children of Lola V. Ward and an appellant here, was included in this class. No reason is assigned why the testator should have intended to prefer this grand-niece by giving her this legacy and in addition thereto (according to her contention) a one-eleventh share of his net estate. This would have preferred her over the testator's nearer

kin, his nephews and nieces, as well as over the other great-nephews and great-nieces. We think the legacies to the four great-nieces indicated the testator's intention to treat them as a class. It bears out the argument that the testator intended to treat the "children of Lola V. Ward" as a class and to give them their mother's share.

Furthermore, the evidence shows that at the time the will was executed Lola V. Ward was having trouble with her husband. To have left a share of the real estate referred to in the two items of the will to Mrs. Ward would have given her husband at least some control over it. His signature to a deed or deeds would have been necessary for her to have conveyed any part thereof. Should she have died before her husband he would have had a curtesy right in this real estate. It is evident that the testator sympathized with Mrs. Ward in the difficulty and determined to put her share of the estate beyond the husband's reach by giving it to her children.

██ Such circumstances were material and admissible in arriving at the testator's intent, while the testator's declarations of intention, sought to be introduced by the appellees, were properly excluded by the trial court. The admissibility of the two classes of evidence was fully treated by this court in *Coffman's Adm'r* v. *Coffman,* 131 Va. 456, 461-464, 109 S. E. 454, and in *Widgeon* v. *Widgeon,* 147 Va. 1068, 1072-1074, 133 S. E. 353.

The lower court's interpretation of the will is correct, and the decree appealed from is affirmed.

*Affirmed.*