## CIRCUIT COURT OF ROANOKE COUNTY

Michael W. Johnson et al.

v.

The Trust Co. of Va. et al.

March 10, 2003

Case No. CH02-302

BY JUDGE ROBERT P. DOHERTY, JR.

This matter comes before the Court on the Petitioners' request for aid and guidance by the Court in determining which portion of the Estate of Mr. Thomas L. Leivesley, Jr. ("Testator") should bear the burden of federal and state estate taxes. In particular, the parties have asked the Court to determine whether the Testator invoked § 64.1-165 of the Code of Virginia (1950), as amended, also known as the "anti-apportionment statute," and, if so, what are the characteristics of the directions.

In brief, the Testator's estate plan, which was created shortly before his death, consisted of a will ("Will"), an inter-vivos revocable trust ("Trust"), and a second trust ("Foundation") that is qualified as an I.R.C. Section 501(c) charitable organization. The Will provided that after the distribution of certain items of tangible personal property, the balance of the estate would fall into a "Residuary Estate," which would subsequently "pour over" into the Trust. Then, under the terms of the Trust, transfers would be made to named non-charitable beneficiaries and to the Foundation. The Petitioners contend that the Testator invoked § 64.1-165, directing through the Will for the estate taxes to be paid from the Residuary Estate prior to its transfer to the Trust. The Respondents counter that the Will and the Trust indicate the Testator's intent that the Foundation enjoy the benefit of its charitable nature, thereby placing the burden of the estate tax upon the non-charitable beneficiaries under the Trust.

The pertinent section of the Will directs the "Executor to pay [all estate taxes] out of that portion, if any, of my Residuary Estate for which no . . . charitable deduction is allowable to my estate for federal estate tax purposes. To the extent that such portion of my residuary estate is insufficient, the balance of these taxes or all of them . . . shall be apportioned among the beneficiaries of property passing under my will with each beneficiary having the benefits of any exemptions, deductions, and exclusions allowed by law in respect of the beneficiary or the property passing to him, including deductions by reason of . . . the charitable nature of the gift." Similar language is found in the Trust, which provides that "if there are beneficiaries for which there are any exemptions, deductions, and exclusions allowed by law in respect of the beneficiary or the property passing to him, including deductions by reason of the charitable nature of the gift, these taxes shall be apportioned among the various shares or beneficiaries of the Trust with each beneficiary or share having the benefit of any exemptions, deductions, and exclusions allowed by law in respect of the beneficiary or the property passing to him, including deductions by reason of the charitable nature of the gift."

When a Court reviews a will, it is bound by well-established principles of law. The primary concern of the Court is determining the intent of the testator. *Clark v. Strother*, 238 Va. 533, 539, 385 S.E.2d 578, 581 (1989). In doing so, the Court should give effect to the plain and ordinary meaning of the provisions of the will. *Ward v. Ottley*, 166 Va. 639, 642, 186 S.E. 25, 26 (1936). Where the language of the will unambiguously sets forth the intent of the testator, the Court is bound by the four corners of the document and the will must be given effect accordingly; absent ambiguity, the Court may not examine extrinsic evidence. *Gillespie v. Davis*, 242 Va. 300, 303, 410 S.E.2d 613, 615 (1991); *Baker v. Linsly*, 237 Va. 581, 585, 379 S.E.2d 578, 581 (1989). But the Court may by statute examine associated elements of an estate plan. Section 64.1-165 provides in part that "Such funds or property which may be so designated [by will or other written instrument] may specifically include . . . any property, interest, or benefit included in such person's estate for estate tax purposes which passes pursuant to an instrument other than such person's will." Va. Code Ann. § 64.1-165 (Michie 2003).

In reviewing the Will, the Court agrees with the Petitioner that above quoted language from both the Will and the Trust clearly indicates that the Testator intended to invoke § 64.1-165. However, the Court finds that the same language found in both the Will and the Trust manifests the Testator's intent that any burden from the estate taxes fall upon the non-charitable beneficiaries of the Trust. The Petitioners' contention that the Will calls for payment of estate taxes prior to the distribution to the Trust would have merit

if the Court could examine only the Will. However, § 64.1-165 allows the Court to take into account the Testator's directions set forth in the Trust instrument for the payment of the estate taxes. In that instrument, the Testator made clear his desire that the Foundation be allowed to enjoy its charitable deduction. As the Foundation is the only possible charitable beneficiary of the Trust or the Will, logic requires that the non-charitable beneficiaries of the Trust were meant to bear the burden of any estate taxes. This interpretation is strengthened by the fact that the Testator drafted his estate plan shortly before his death, indicating that he meant that it be viewed as a unified entity. Therefore, the Court finds that the Testator intended to place the burden of the estate taxes upon those beneficiaries of his Will and Trust that are not eligible for a charitable deduction.